UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    VS                                                    CASE NO.  4:06cr35-RH

ROBERT LUKER,

ORDER SETTING TRIAL
AND OTHER PRE-TRIAL MATTERS

**A.**    **TRIAL AND VOIR DIRE PROCEDURE:**

    1.    This case will be tried during the trial period commencing **Monday, August 21, 2006**, at **Tallahassee, Florida**, with an attorney conference scheduled for **8:15 a.m.** and jury selection to commence **immediately thereafter** on this date.

    2.    Voir Dire examinations of jurors will be conducted by the Court.  If a party wishes to submit voir dire questions for the Court's consideration, the same must be in writing and filed with the Clerk of the Court at least seven (7) days prior to trial, with a copy to opposing counsel.  At the conclusion of the Court's voir dire examination, reasonable opportunity will be given for counsel to ask questions they believe should properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

    3.    Jury Selection will be accomplished in the same manner specified to counsel prior to trial but will be conducted in one of the following ways:

Entered On Docket: _____ By: \_\_\_\_
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies mailed to:_____

Document No.

       a.    The entire panel will be examined after which the attorneys will be given the opportunity to exercise their challenges;

       b.    The jury box will be filled and those prospective jurors examined, following which challenges must be exercised; those excused will be replaced and the new prospective jurors will be examined as before.  This process to be continued until trial jury and alternates are selected.  Whichever procedure is followed, no back striking will be permitted.

    4.    Prior to jury selection, all parties are requested to determine whether they would be willing to stipulate completing the trial with less than twelve (12) jurors, in the event jurors, after being sworn, become disabled or otherwise excused by the Court.

**B.    DISCOVERY AND INSPECTION:**

    1.    Any request for disclosure of evidence, information or discovery under Rule 16, Federal Rules of Criminal Procedure, by the defendant shall be made no later than five (5) working days following the date of this order with, in such event, the information, evidence, or discovery so requested to be provided the defendant within five (5) working days after the receipt of the request.  If the defendant requests disclosure under Rules 16(a)(1)(C) or (D), Federal Rules of Criminal Procedure, the Government shall make request of defendant under Rules 16(b)(1)(A) and (B), Federal Rules of Criminal Procedure, within two (2) working days after receipt of defendant's request, with the information, evidence, or discovery so requested to be provided the Government by the defendant within five (5) working days after receipt of request.

    2.    Counsel for the parties, or the defendant, if not represented by counsel, and counsel for the Government shall agree on the time, place, and manner of the disclosure of such evidence, information, or discovery and of any inspection and

copying or photographing required.  The parties' attention is directed to Rules 16 (c), (d), and (e), Federal Rules of Criminal Procedure.

3. As used in this order, working days include all days except Saturdays, Sundays, and Federal legal holidays.

**C. BRADY MATTERS:**

The United States Attorney shall disclose any evidence favorable to this defendant on the issues of guilt or innocence without regard to materiality.  The defendant or his attorney shall be provided such evidence promptly after the United States Attorney acquires knowledge thereof.  See Brady v. Maryland, 373 U.S. 83 (1963).

**D. NOTICE OF ALIBI AND OF DEFENSE BASED UPON MENTAL CONDITION:**

The parties' attention is directed to Rules 12.1 and 12.2, Federal Rules of Criminal Procedure.

**E. MOTIONS BEFORE TRIAL:**

All pretrial motions permitted or required under the Federal Rules of Criminal Procedure shall be filed no later than ten (10) days after the date of this order, unless a different time is prescribed by the Federal Rules of Criminal Procedure, an Act of Congress, the Local Rules of this Court, or by the Court at the time of arraignment. Counsel's attention is particularly directed to N.D. Fla. Loc. R. 6 and 7(f).

**F. MOTIONS IN GENERAL:**

All motions shall be accompanied by a written statement certifying that counsel for the moving party, or the moving party if not represented by counsel, has conferred with opposing counsel or party, as the case may be, in an effort in good faith to resolve

by agreement the subject matter of any motion, but has not been able to do so.  The written statement shall also specify the information that has been made available to opposing counsel or parties in lieu of filing the motion.

All motions which require evidentiary support shall be accompanied by a signed statement of facts relied upon for the motion.

**G.    PLEA BARGAINING:**

The parties shall immediately advise the Court's secretary and the Clerk of the Court of any plea bargain agreement and arrange for the rearraignments of the defendant in sufficient time prior to trial to permit the excusing of witnesses and jurors and revision of the Court calendar should the negotiated plea be acceptable to the Court.  Such arrangement, unless the Court otherwise provides, shall be accomplished no later than four (4) calendar days prior to the trial date set in this order.

Absent exceptional circumstances that are both unforeseeable and unforeseen, in order for notice of the defendant's intention to plead guilty to be considered "timely" under United States Sentencing Guidelines § 3E1.1(b)(2), notice must be provided <u>on or before the fourth business day prior to the scheduled trial</u> **to <u>both</u> (a) the Court's secretary or courtroom deputy clerk <u>and</u> (b) counsel for the government.**

**H.    ATTIRE:**

Defendants, like all other parties, ordinarily should dress for court in suitable business attire. Defendants who are in custody are responsible for making their own arrangements for clothing; neither the court nor the marshal's service provides clothing for defendants to wear in court. Defendants who fail to make advance arrangements for

4

clothing will be tried in prison attire. Trials will not be continued because of a defendant's failure to arrange for clothing.

**I.     CONTINUING NATURE OF THIS ORDER:**

This order, to the extent that it applies to the matters referred to herein, is continuing in nature inclusive of trial.

DONE and ORDERED this 27th day of June, 2006.

*s/ Stephan P. Mickle*
STEPHAN P. MICKLE
UNITED STATES DISSTRICT JUDGE